UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES A. REEVES,

        Petitioner,
                                                    Case Number 16-12058
                                                   Honorable David M. Lawson

v.

SHANE JACKSON,

        Respondent.
_____/

**<u>OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

James A. Reeves, a prisoner in the custody of the Michigan Department of Corrections, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his assault and firearms convictions. The petitioner raises eight claims for relief, all of which were presented to the state court of appeals in direct review. The respondent argues that the petitioner procedurally defaulted the claims regarding jury instructions, prosecutorial misconduct and ineffective assistance of counsel and that all of the claims lack merit. Because none of the claims merit the issuance of the writ, the Court will deny the petition.

I.

A Wayne County, Michigan jury convicted the petitioner for assault and firearms crimes arising from an argument between the petitioner and his cousin. The Michigan Court of Appeals summarized the facts on direct appeal as follows:

> This case arises from a July 23, 2013 altercation between defendant and his cousin, Quintin Omar Thornton, at defendant's home in Detroit, Michigan. Thornton first visited defendant's house that morning in an attempt to either borrow or collect $200 from defendant. Defendant was drinking, and Thornton smoked some marijuana. Thornton left defendant's house after staying there for a short time.

Later that day, Thornton returned to defendant's home. Several other people were also present there. Defendant and Thornton continued to argue about the $200 and an allegation that Thornton had inappropriately touched defendant's 10- and 11-year-old stepdaughters. Ravorn Withers, a friend of defendant and Thornton, testified that Thornton was "looking distraught and stressed out" about the earlier argument, but that the situation was "calming down." As time passed, the argument between defendant and Thornton escalated again. Thornton was "swelling up" and becoming visibly more upset. Defendant displayed a revolver, and Thornton backed down momentarily.[1]

In response to defendant showing him the gun, Thornton said, "You're going to have to use it," and told defendant that he was going to "beat his a**." Defendant responded that he would not fight Thornton, but he would shoot him. Thornton took off one of his shirts in preparation for a fight and told defendant again, "I'm going to beat your a**." Defendant then fired gunshots at Thornton. Thornton fled the home, and defendant followed him. During the incident, one of defendant's shots struck Deavonte Andrews, a 12-year-old boy who had been coloring with other children on defendant's porch.

Multiple witnesses identified defendant as the shooter and saw him holding a gun after he followed Thornton outside. Thornton failed to appear to testify at defendant's trial. However, the trial court allowed the prosecution to read Thornton's preliminary examination testimony into the record over defense counsel's objection.

_____
[1]Thornton testified at the preliminary examination that he did not have a gun at any point during the day.

*People v. Reeves*, No. 320218, 2015 WL 7365963, *1 (Mich. Ct. App. Nov. 19, 2015).

The jury found Reeves guilty of two counts of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, intentionally discharging a firearm at a dwelling or potentially occupied structure, Mich. Comp. Laws § 750.234b, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp Laws § 750.227b. The trial court sentenced the petitioner as a second habitual offender and imposed concurrent prison terms totaling 6 to 15 years on all charges except the felony firearm charge, for which Reeves received a consecutive two-year sentence.

` The petitioner's convictions were affirmed on appeal. *Reeves*, 2015 WL 7365963, *lv. den.* 499 Mich. 917 (Mich. 2016).

Between his appellate lawyer's brief and his own *pro se* filing, Reeves raised eight claims of error on appeal. He replicated those claims in his petition for habeas corpus as follows:

> I. Did the prosecution fail to prove beyond a reasonable doubt that James Reeves did not act in self-defense?
>
> II. Did the trial court err when it failed to instruct the jury *sua sponte* that Petitioner had no duty to retreat?
>
> III. Did trial counsel perform ineffectively by failing to call a witness to impeach the complainant's credibility and support the self-defense theory and failing to request an instruction?
>
> IV. Did the trial court abuse its discretion when it denied the motion for new trial when trial counsel performed ineffectively when he failed to call an available witness to impeach the complainant, failed to object to irrelevant testimony, and failed to request a jury instruction?
>
> V. Was Petitioner denied his fundamental due process protections to a fair trial as guaranteed under both state and federal constitutions, when the trial court abused its discretion by and through the taking of Petitioner's liberty in a manner inconsistent with due process of law; the result of which resulted in a void judgment?
>
> VI. Was Petitioner denied a fair trial as guaranteed under both federal and state constitutions, when the prosecution failed to insure that Petitioner's due process protections were secured?
>
> VII. Was Petitioner denied a fair trial as guaranteed under both state and federal constitutions, when said counsel abandoned his duty to protect Petitioner's constitutional rights from the misconduct of both the trial court and the prosecution?
>
> VIII. Was Petitioner denied his fundamental protections to a fair criminal proceeding by and through the cumulative effect of error that took place at the hands of the trial court, the prosecution, defense counsel and appellate counsel?

The respondent opposes the petition on the merits, and also argues that the petitioner's second, third, and sixth claims are procedurally defaulted. The "procedural default" argument is

a reference to the rule that the petitioner did not preserve all his claims in the trial court by timely objection, and the state court's denial of those claims on that basis is an adequate and independent ground for the denial of relief under state law, which is not reviewable here. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). It is not necessary to address this procedural question. It "is not a jurisdictional bar to review of the merits," *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits," *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The procedural default will not affect the outcome of this case, and it is more efficient to proceed directly to the merits.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Because the petitioner filed his petition after the AEDPA's effective date, its standard of review applies. Under that statute, if a claim was adjudicated on the merits in state court, a federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419

(2014) (internal quotation marks and citations omitted). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached" (internal quotation marks and citations omitted)). Habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

A.

Reeves argues that the prosecution did not satisfy its burden of proving beyond a reasonable doubt that Reeves did not act in self-defense. The Michigan Court of Appeals found to the contrary.

Under Michigan law, "one acts lawfully in self-defense if he honestly and reasonably believes that he is in danger of serious bodily harm or death, *People v. Heflin*, 434 Mich. 482, 456 N.W.2d 10 (1990), as 'judged by the circumstances as they appeared to the defendant at the time

of the act.'" *Blanton v. Elo*, 186 F.3d 712, 713 n.1 (6th Cir. 1999) (quoting Mich. Std. Crim. Jury Instr. 2d § 7.15(3)). "A defendant is not entitled to use any more force than is necessary to defend himself." *People v. Kemp*, 202 Mich. App. 318, 323, 508 N.W.2d 184, 187 (1993), *abrogated on other grounds in People v. Reese*, 491 Mich. 127, 815 N.W.2d 85 (2012). Michigan law places the burden on the prosecutor to disprove a claim of self-defense. *People v. Dupree*, 486 Mich. 693, 710, 788 N.W.2d 399, 408-09 (2010). The United States Court of Appeals for the Sixth Circuit has held, though, that the Constitution does not similarly place the burden to disprove self-defense on the prosecutor, and such a claim, therefore, cannot form the basis for habeas relief. *Arcaute v. Jackson*, No. 18-2308, 2019 WL 2056675, *2 (6th Cir. Feb. 12, 2019) (order); *see also Caldwell v. Russell*, 181 F.3d 731, 740 (6th Cir. 1999), *abrogated on other grounds, Mackey v. Dutton*, 217 F.3d 399, 406 (6th Cir. 2000) ("[T]he due process 'sufficient evidence' guarantee does not implicate affirmative defenses, because proof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime."). Habeas relief, therefore, may not be granted on this claim.

Moreover, even if this claim could provide a basis for habeas relief, it is unwarranted. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). "Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Second, if the Court were "to

conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.* In short, "deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; [then] deference should be given to the [state court's] consideration of the trier-of-fact's verdict, as dictated by AEDPA." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008) (citation omitted).

The Michigan Court of Appeals held that the prosecution presented sufficient evidence to disprove the self-defense theory beyond a reasonable doubt, relying on several pieces of evidence. First, no trial witnesses testified to seeing Thornton with a gun or that he did anything beyond verbally threatening Reeves. Second, the evidence suggesting that Thornton may have had a gun came from Reeves' own statement to his mother and his stepdaughters' statements to a police officer that Thornton had a gun. The stepdaughters later admitted that they were not present at the incident. Third, the state court noted that Reeves continued to shoot at Thornton even after Thornton ran away. *Reeves*, 2015 WL 7365963 at *2.

Applying AEDPA's doubly deferential standard of review, the Court cannot say that the state court's decision was unreasonable. Reeves argues that the Michigan Court of Appeals unreasonably concluded that, because the evidence showed Thornton did not have a gun, Reeves was not acting in self-defense. He maintains that a person may suffer debilitating injuries or death from a severe beating and he was, therefore, acting in self-defense. Although the jury *could* have found from the evidence that Reeves acted in self-defense, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It was not unreasonable, however, for the state

court to conclude that, even in light of Thornton's threat, the prosecutor disproved Reeves' self-defense claim. Habeas relief is denied.

B.

In his second claim, Reeves argues that the trial court should have instructed the jury that he had no duty to retreat, even though he did not ask for such an instruction. He argues that the failure to give this instruction unfairly led the jury to conclude that he should have run away from Thornton.

To show that a jury instruction violates due process, a habeas petitioner must demonstrate "both that the instruction was ambiguous and that there was a reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt." *Waddington v. Sarausad*, 555 U.S. 179, 190-91 (2009) (citations omitted). A petitioner is entitled to habeas relief only if the defective jury instruction "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). A federal court may not grant the writ of habeas corpus on the sole ground that a jury instruction was incorrect under state law. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). The jury instruction "must be considered in the context of the instructions as a whole and the trial record." *Id.* at 72.

The trial court gave the jury a general self-defense instruction. Reeves does not argue that the instruction given misstated the law; instead, he argues that the absence of a "no duty to retreat" instruction prejudiced him. "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977). The Michigan Court of Appeals held that this claim was waived because defense counsel expressed approval of the jury instructions, *Reeves*, 2015 WL 7365963 at *3, but nevertheless it considered

court to conclude that, even in light of Thornton's threat, the prosecutor disproved Reeves' self-defense claim. Habeas relief is denied.

B.

In his second claim, Reeves argues that the trial court should have instructed the jury that he had no duty to retreat, even though he did not ask for such an instruction. He argues that the failure to give this instruction unfairly led the jury to conclude that he should have run away from Thornton.

To show that a jury instruction violates due process, a habeas petitioner must demonstrate "both that the instruction was ambiguous and that there was a reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt." *Waddington v. Sarausad*, 555 U.S. 179, 190-91 (2009) (citations omitted). A petitioner is entitled to habeas relief only if the defective jury instruction "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). A federal court may not grant the writ of habeas corpus on the sole ground that a jury instruction was incorrect under state law. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). The jury instruction "must be considered in the context of the instructions as a whole and the trial record." *Id.* at 72.

The trial court gave the jury a general self-defense instruction. Reeves does not argue that the instruction given misstated the law; instead, he argues that the absence of a "no duty to retreat" instruction prejudiced him. "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977). The Michigan Court of Appeals held that this claim was waived because defense counsel expressed approval of the jury instructions, *Reeves*, 2015 WL 7365963 at *3, but nevertheless it considered

the adequacy of the instruction in the context of Reeves's ineffective assistance of counsel claim. The state appellate court held that the instructions given "fairly presented the issues to the jury" and "adequately protected defendant's rights." *Id.* A state court's finding that challenged jury instructions "adequately reflected the applicable state law and corresponding state charges" is binding on federal habeas review. *White v. Steele*, 629 F. App'x 690, 695 (6th Cir. 2015).

Reeves has not shown that the trial court's failure to give a no-duty-to-retreat instruction on its own was error, nor has he shown that such an instruction is required. The petitioner has not shown that omission of the no-duty-to-retreat instruction rendered his trial fundamentally unfair.

C.

Reeves raises ineffective assistance of counsel claims in his third, a portion of his fourth, and his seventh claims for relief. He argues that counsel was ineffective by failing to: call a witness to impeach the victim's credibility and support the self-defense theory; request a no-duty-to-retreat instruction; object to irrelevant testimony; investigate the case; and consult with defendant. Reeves also alleges that defense counsel improperly continued to represent him after Reeves filed a grievance against defense counsel.

Reeves raises other ineffective assistance of counsel claims regarding investigative subpoena transcripts and the request for substitute counsel in his seventh claim for relief, which is addressed below.

An ineffective assistance of counsel claim has two components. A petitioner must show that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under AEDPA, the standard for obtaining relief under *Strickland* is very difficult to meet because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so."

*Harrington*, 562 U.S. at 105 (internal citations and quotation marks omitted). This doubly-deferential standard requires the Court to give "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013).

First, Reeves argues that defense counsel was ineffective by failing to call the Clerk of the Wayne County Circuit Court to introduce a certified record of Quintin Thornton's criminal history, which included convictions for assault with intent to do great bodily harm, felony firearm, and second-degree home invasion. Reeves argues that this would have supported his self-defense theory. The Michigan Court of Appeals held that because the evidence would have been offered "for the sole purpose of demonstrating Thornton's propensity for violence based on his prior convictions," the evidence was inadmissible. *Reeves*, 2015 WL 7365963 at *4. Applying the *Strickland* standard, the state appellate court held that counsel was not ineffective by failing to request the admission of inadmissible evidence. *Ibid.* On habeas review, this Court "must defer to a state court's interpretation of its own rules of evidence and procedure." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005). The Michigan Court of Appeals' decision denying this ineffective assistance of counsel claim was a reasonable application of *Strickland*, especially considering the deference accorded the state court's evidentiary decision.

Second, Reeves contends that counsel was ineffective by failing to request a no-duty-to-retreat instruction. The Michigan Court of Appeals denied this claim on the grounds that the instructions that the trial court gave properly and accurately stated the relevant law and fairly presented the issues to the jury, and that no reasonable probability existed that the result of the trial would have been different had the no duty to retreat instruction been requested and given. *Reeves*, 2015 WL 7365963 at *5.

The Michigan Court of Appeals's decision was not an unreasonable application of *Strickland*. The instructions as given did not impose upon Reeves a duty to retreat, adequately informed the jury about Reeves's defense, and informed the jury that he could take reasonable steps to protect himself if he reasonably believed he was subject to serious physical injury. The petitioner has not shown a reasonable probability that the result of the proceeding would have been different had his attorney requested the no-duty-to-retreat instruction. This claim is denied.

Third, Reeves argues that counsel was ineffective by failing to object to irrelevant testimony. The Michigan Court of Appeals held that Reeves failed to establish the factual predicate for this claim. *Reeves*, 2015 WL 7365963 at *11. Reeves also fails in his habeas petition to identify the testimony to which counsel should have objected. His conclusory allegation fails to show that the state court's decision was unreasonable.

Fourth, Reeves contends that defense counsel failed to investigate his case properly. However, he does not offer any specific evidence or affidavits to show what counsel should have done but did not do to support his defense. "It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *Burt v. Titlow*, 571 U.S. 12, 23 (2013) (quoting *Strickland*, 466 U.S. at 689).

Fifth, Reeves argues that defense counsel failed to consult with him before trial. The Michigan Court of Appeals rejected this claim, holding:

> [Defendant] asserts that counsel was ineffective because he only visited him once in jail. Defendant stated at the October 30, 2013 motion hearing, which was more than seven weeks before trial, that defense counsel had only paid him a single visit in jail. However, there is no indication that counsel failed to consult with defendant between the hearing and the trial. Defendant appeared in court several more times before trial, raised additional complaints about counsel, but he never raised any more complaints regarding their level of communication. Thus, defendant has failed to establish the factual predicate of his claim, . . . and we perceive no basis

> for concluding that defense counsel's performance fell below an objective standard of reasonableness, *Vaughn*, 491 Mich. at 669–671. Again, contrary to defendant's claim, a presumption of prejudice is not appropriate in this case, as the record does not show that "counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." *Cronic*, 466 U.S. at 659 n.25; *see also Frazier*, 478 Mich. at 243-244.

*Reeves*, 2015 WL 7365963 at *12.

Reeves is not entitled to relief on his claim because he failed to show that he was prejudiced by counsel's alleged failure to consult with him before trial. *See Bowling v. Parker*, 344 F. 3d 487, 506 (6th Cir. 2003) (holding trial counsel's alleged failure to consult with the defendant was not deficient performance, even though the attorneys allegedly met with defendant for less than one hour in preparing defense, because the defendant did not show how additional consultation could have altered outcome of trial). The record before the Court shows that defense counsel was well-prepared for trial and actively represented Reeves's interests. Reeves has not shown that defense counsel's level of communication was insufficient or that it prejudiced his defense.

Finally, Reeves alleges that he received ineffective assistance of counsel because his defense counsel operated under a conflict of interest. The claimed conflict arose from the fact that counsel continued to represent him after Reeves filed a grievance against defense counsel.

A criminal defendant is entitled to the effective assistance of counsel free from conflict. *Holloway v. Arkansas*, 435 U.S. 475, 483–84 (1978). In *Cuyler v. Sullivan*, 446 U.S. 335, 345-50 (1980), the Supreme Court held that prejudice is presumed if counsel is burdened by an actual conflict of interest. The presumption of prejudice applies only if the defendant demonstrates that counsel "actively represented conflicting interests" and that "an actual conflict of interest adversely affected his lawyer's performance." *Id.* at 350. The Supreme Court, to date, has only applied the presumption of prejudice "in the case of a conflict of interest arising from multiple concurrent representation of defendants." *Jalowiec v. Bradshaw*, 657 F.3d 293, 314-15 (6th Cir.

2011). Reeves does not allege multiple concurrent representation of defendants. Therefore, this claim is analyzed under *Strickland* and Reeves must show deficient performance and prejudice.

The Michigan Court of Appeals held that Reeves's filing of a grievance did not establish an actual conflict of interest. *Reeves*, 2015 WL 7365963 at *12. Indeed, if it did such a tactic could be used by defendants to create conflicts of interest where none otherwise existed. Reeves fails to establish that the filing of a grievance in any way impacted defense counsel's decision making or pursuit of a defense strategy. The record shows that defense counsel questioned witnesses capably and presented Reeves's defense to the jury. In short, Reeves has not shown that the filing of a grievance impacted defense counsel's performance or that he was prejudiced by counsel's performance. This claim is denied.

D.

In his fourth claim, Reeves makes reference to an argument that could be construed as a Confrontation Clause violation stemming from the admission of Thornton's preliminary examination testimony at trial. This claim is not clearly set forth in the petition. Instead, Reeves raises several ineffective assistance of counsel claims and references "Argument 4 from direct appeal of appellate counsel's brief." Pet. at 6. Construing this *pro se* petition liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Reeves's reference to argument 4 of counsel's brief (which raised a Confrontation Clause claim) is sufficient to raise this claim.

Reeves contends that he lacked a similar motive or opportunity to cross-examine Thornton at the preliminary examination. He points out that defense counsel did not receive a copy of the transcript before the preliminary examination of the prosecutor's interview with Thornton conducted under an investigative subpoena, which, Reeves contends, was necessary to impeach

Thornton. Reeves also argues that counsel did not have an opportunity to impeach Thornton with his theft and assault convictions.

The United States Constitution's Sixth Amendment Confrontation Clause provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The right of confrontation is "a fundamental right and is made obligatory on the States by the Fourteenth Amendment." *Pointer v. Texas*, 380 U.S. 400, 403 (1965). The right to a trial by jury is based on the belief "'that the 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross-examination, and of counsel.'" *Id*. at 405 (quoting *Turner v. State of Louisiana*, 379 U.S. 466, 472-73 (1965)). But Reeves's argument that the admission of the preliminary examination testimony violated his rights under the Confrontation Clause does not support the issuance of a writ of habeas corpus.

The Confrontation Clause bars out-of-court statements that are testimonial in nature unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). Reeves argues that *Crawford*'s second condition, a "prior opportunity for cross-examination," was not satisfied. The Michigan Court of Appeals held that it was. *Reeves*, 2015 WL 7365963 at *7-*8.

The Sixth Circuit has acknowledged "there is some question whether a preliminary hearing necessarily offers an adequate prior opportunity for cross-examination for Confrontation Clause purposes." *Al-Timimi v. Jackson*, 379 F. App'x. 435, 437 (6th Cir. 2010) (citing *Vasquez v. Jones*, 496 F.3d 564, 577 (6th Cir. 2007)) (doubting whether "the opportunity to question a witness at a preliminary examination hearing satisfies the pre-*Crawford* understanding of the Confrontation Clause's guarantee of an opportunity for effective cross-examination") (internal quotation marks

omitted). But, "because there is room for reasonable debate on the issue," a state court's decision that a preliminary examination satisfies the "opportunity for cross-examination" requirement, "is necessarily beyond [a federal court's] power to remedy under § 2254, even if it turns out to be wrong." *Williams v. Bauman*, 759 F.3d 630, 636 (6th Cir. 2014) (citing *White v. Woodall*, 572 U.S. 415, 419 (2014)); *see also Weissert v. Palmer*, 699 F. App'x 534, 539 (6th Cir. Aug. 15, 2017) ("[T]here is no clearly established federal law holding that cross-examination at a preliminary hearing is insufficient for Confrontation Clause purposes."). Because there is no "clearly established federal law" to which the state court's decision could be "contrary" within the meaning of section 2254(d)(1), the Court will deny habeas relief on this claim.

E.

Reeves's fifth claim concerns several of the trial court's rulings. Reeves challenges the trial court's failure to provide him with substitute counsel or to investigate the need for substitute counsel. He also challenges the trial court's failure to order the production of investigative subpoena transcripts and argues the trial court's failure to do so evidenced bias.

The Sixth Amendment guarantees an accused in all criminal prosecutions the right to the assistance of counsel in his defense and gives an indigent criminal defendant the right to the assistance of court-appointed counsel. *See Gideon v. Wainwright*, 372 U.S. 335, 343 (1963). "[T]he purpose of providing assistance of counsel 'is simply to ensure that criminal defendants receive a fair trial.'" *Wheat v. United States*, 486 U.S. 153, 159 (1988) (quoting *Strickland*, 466 U.S. at 689). "[I]n evaluating Sixth Amendment claims, 'the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such.'" *Id.* (quoting *United States v. Cronic*, 466 U.S. 648, 657 n.21 (1984)). Further, "the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure

-15-

that a defendant will inexorably be represented by the lawyer whom he prefers." *Id.* Because the Sixth Amendment does not guarantee a "meaningful relationship" between an accused and his counsel, *Morris v. Slappy*, 461 U.S. 1, 14 (1983), "when a defendant is denied the counsel he prefers, the constitutional concern is whether he received an effective advocate." *Ray v. Curtis*, 21 F. App'x 333, 335 (6th Cir. 2001). This is so because "those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." *Caplin & Drysdale v. United States*, 491 U.S. 617, 624 (1989).

Reeves argues that the trial court violated his right to a fair trial by failing to appoint substitute counsel and failing to conduct a hearing on the request. Reeves argued that there was a breakdown in the attorney-client relationship, counsel refused to file motions on his behalf, and he failed properly to investigate the case or consult with him. After reciting the applicable law, the Michigan Court of Appeals denied the claim on the merits:

> The record shows that there was no factual dispute that would have required an evidentiary hearing on this issue in the trial court. *See Strickland*, 293 Mich. App at 397 ("When a defendant asserts that the defendant's assigned attorney is not adequate or diligent, or is disinterested, the trial court should hear the defendant's claim and, *if there is a factual dispute*, take testimony and state its findings and conclusion on the record." [Quotation marks and citation omitted; emphasis added by Michigan Court of Appeals.] ). Additionally, defendant's statements in the trial court indicating his general lack of confidence in counsel, his unhappiness with defense counsel's communication with him and his family weeks before trial, and unhappiness with counsel's unwillingness to file certain unspecified motions does not constitute a showing of good cause. *See People v. Ginther*, 390 Mich. 436, 441-442; 212 NW2d 922 (1973). . . .
>
> Also, "a defendant's conviction will not be set aside, even in the absence of judicial consideration of the defendant's allegation, if the record does not show that the lawyer assigned to represent [the defendant] was in fact inattentive to his [or her] responsibilities." *People v. Buie*, 298 Mich. App 50, 67; 825 NW2d 361 (2012) (quotation marks omitted; alteration in original), quoting *Ginther*, 390 Mich. at 442. Our review of the record confirms: (1) that defense counsel requested an adjournment to allow defendant to pursue a retained attorney; (2) that he showed a

> willingness to take on defendant's other cases in the interest of obtaining a better overall outcome for defendant; (3) that defense counsel corresponded with three different prosecutors regarding plea agreements pertaining to all of the cases; (4) that he vehemently attacked the prosecution witnesses' credibility and recall at trial; (5) that he presented a self-defense theory; and (6) that he extensively challenged the admission of Thornton's preliminary examination testimony. Based on the record, we cannot say that defense counsel was inattentive to his responsibilities.

*Reeves*, 2015 WL 7365963 at *9.

It is difficult to quarrel with the state appellant court's conclusions. Reeves's argument that the trial court's failure to conduct a sufficient inquiry into his request violated state law is not cognizable on habeas review. *Estelle*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Reeves also fails to establish a constitutional violation because he has not shown that counsel rendered ineffective assistance. Absent some showing of ineffective assistance, Reeves cannot show that the trial court erred in denying his motions for substitute counsel. Relief will be denied on this claim.

Next, Reeves challenges the trial court's failure to order production of an investigative subpoena transcript. The Michigan Court of Appeals determined that the defense was provided the transcript several weeks before trial and, therefore, denied this claim. *Reeves*, 2015 WL 7365963 at *10. Reeves fails to rebut the state court's factual finding with clear and convincing evidence. Thus, the state court's decision that no due process violation occurred is not contrary to or an unreasonable application of Supreme Court precedent. Reeves' claim that the trial court's failure to order the production of this transcript demonstrated that the judge was biased is baseless because the transcript was produced. Finally, Reeves's claim that counsel was ineffective is meritless. Counsel was not ineffective by failing to obtain the transcripts because the transcripts were produced several weeks before trial. Defense counsel also objected to the admission of the preliminary examination transcript on the ground that counsel did not have the benefit of the

investigative subpoena transcript during the preliminary examination. On this record, Reeves has not demonstrated that counsel rendered ineffective assistance.

F.

Reeves next argues that the prosecutor committed misconduct by failing to ensure that Reeves's right to due process was secured. The nature of the alleged misconduct is difficult to discern from Reeves's pleadings. Reeves appears to argue that the prosecutor should not have introduced Thornton's preliminary examination testimony and improperly withheld the investigatory subpoena transcript. The Michigan Court of Appeals held that Reeves's claims were unsupported by the record and that he failed to show how the alleged misconduct denied him his right to a fair trial. *Reeves*, 2015 WL 7365963 at *11.

The controlling Supreme Court decision governing prosecutorial misconduct claims is *Darden v. Wainwright*, 477 U.S. 168 (1986). Under *Darden*, a prosecutor's improper comments violate a criminal defendant's constitutional rights if they "'so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.*, at 181 (1986), quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Prosecutorial misconduct entails much more than conduct that is "undesirable or even universally condemned." *Id.* at 181 (internal quotation omitted). To constitute a due process violation, the conduct must have been "so egregious so as to render the entire trial fundamentally unfair." *Byrd v. Collins*, 209 F.3d 486, 529 (6th Cir. 2000) (citations omitted).

The Michigan Court of Appeals held that Thornton's preliminary examination testimony was properly admitted. The prosecutor did not commit misconduct by introducing admissible testimony. Nor did the prosecutor improperly handle the investigatory subpoena transcript. Reeves failed to rebut with clear and convincing evidence the Michigan Court of Appeals's factual

finding that the prosecutor produced the transcript several weeks before trial. The prosecutor, therefore, did not commit misconduct in this regard.

G.

Finally, Reeves argues that the cumulative effect of the errors alleged violated his right to a fair trial and appeal. The Michigan Court of Appeals denied relief on this claim, holding that because "defendant's claims of error have no merit, there is no possible cumulative effect warranting reversal." *Reeves*, 2015 WL 7365963 at *13. The Supreme Court has never held that cumulative errors may form the basis for issuance of a writ of habeas corpus. *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002). "[T]he law of [the Sixth Circuit] is that cumulative error claims are not cognizable on habeas [review] because the Supreme Court has not spoken on this issue." *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006). Reeves's cumulative-error claim, therefore, is not cognizable on habeas corpus review.

III.

The state courts' decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: July 11, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on July 11, 2019.

                                s/Susan K. Pinkowski
                                SUSAN K. PINKOWSKI